NUMBER 13-09-00010-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ERICK JOHN LLORANCE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Erick John Llorance, appeals from his aggravated robbery conviction. 
Appellant was indicted and charged with three counts of engaging in organized criminal
activity. A jury found appellant guilty of lesser-included offenses, including one count of
robbery, a second-degree felony enhanced because appellant was found to be a habitual
felony offender, and two counts of aggravated robbery, both first-degree felonies enhanced
because appellant was found to be a habitual felony offender. See Tex. Penal Code Ann.
§§ 29.02(a)(1), 29.03(a)(2) (Vernon 2003), 12.42(d) (Vernon Supp. 2008). The trial court
imposed three life sentences to run concurrently. This appeal ensued.

 Concluding that, in his professional opinion, "this appeal is without merit and
frivolous," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof,
of the appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that it is his
"professional opinion that no reversible error is reflected by the record." Counsel's brief
discusses the portion of the record pertinent to the following arguable grounds of error: (1)
the evidence was legally and factually insufficient to sustain convictions for robbery and
aggravated robbery; (2) the trial court failed to consider mitigating evidence in determining
appellant's sentence; (3) appellant's sentence is cruel and unusual in violation of the
United States Constitution; and (4) appellant was not given effective assistance of counsel
at trial. Including record references to the facts and setting out pertinent legal authorities,
counsel presented a professional evaluation of the record explaining why he concluded
that the evidence was both legally and factually sufficient to sustain appellant's convictions;
why the trial court did not abuse its discretion in sentencing appellant; and why the record
does not support or overcome the presumption that appellant was afforded effective
assistance of counsel. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App.
2008) (orig. proceeding) ("In Texas, an Anders brief need not specifically advance
'arguable' points of error if counsel finds none, but it must provide record references to the
facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v.
State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has certified to this Court that he
has: (1) found no reversible error reflected by the record after diligently searching the
record in this case and researching the applicable law; and (2) forwarded a copy of the
brief and request to withdraw as counsel to appellant. Counsel has also informed
appellant of his right to review the record and file a pro se response. (1) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and appellant has not filed a pro
se response. See In re Schulman, 252 S.W.3d at 409.II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on June 11, 2009. Within five days of the date
of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to
appellant and to advise appellant of his right to file a petition for discretionary review. (2) See
Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 13th day of August, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.